UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COREY A. McDOWELL BEY,

    Applicant,

v.                                            CASE NO. 8:16-cv-1432-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

An earlier order (Doc. 10) denies Beys application for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 7) because his application is controlled by 28 U.S.C. § 2254. Bey moves for "reconsideration," a motion which he supplements. (Docs. 14 and 15) Because the motion is filed within twenty-eight days of the judgment, the motion is construed as a motion under Rule 59(e), Federal Rules of Civil Procedure, to alter or amend a judgment.

Bey's earlier application under Section 2254 was dismissed (Doc. 7 in 8:14-cv-694-T-23TBM) because he failed to follow the district court's instructions. Bey waited two years before again applying for a writ of habeas corpus, but this second application requests relief under Section 2241 instead of Section 2254. Bey's clear intent is to circumvent the one-year limitation under Section 2244(d)(1) for challenging a state court judgment under Section 2254. The earlier order advises Bey

that, contrary to his argument, "because he is imprisoned under a state court judgment, Bey must challenge the validity of his conviction in an application under Section 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (holding that an application 'is governed by § 2254 because Appellant is "in custody pursuant to the judgment of a State court."'), *cert. denied*, 541 U.S. 1032 (2004)."  (Doc. 10 at 2)

Affording his motion a generous interpretation, Bey presents two reasons for the district court to reconsider the earlier order.  Bey asserts (1) that he is "actually innocent," which he contends exempts him from the federal limitation, and (2) that the state judgment is void because the state court lacked jurisdiction to issue a judgment.

**"Actual Innocence"**:

Although Bey may challenge his conviction if he can show that he is "actually innocent" of the offense, actual innocence is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert a constitutional challenge to the conviction.  In other words, actual innocence is a gateway that permits the review of a time-barred or a procedurally barred federal claim.  Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The gateway is narrow and opens "only when a

petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)). Proof of actual innocence can overcome the statute of limitation, as *Perkins*, 133 S. Ct. at 1928 (brackets original), explains:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; see *House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

Bey asserts that the following (quoted exactly) proves his "actual innocence" (Doc. 14 at 2):

> [T]he Plaintiff were arrested where no crime was being committed nor fresh pursuit circumstances for arrest warrants of NON EXISTANT charges; and demonstrates . . . <u>that no charges existed</u> at the time he were arrested for the warrants were signed and filed on record with the clerk of court and; the whole case was based on his arrest for fraudulent arrest warrants.

Bey argues that, because the arrest warrants were not properly obtained before his arrest, his arrest was unlawful. This argument fails to qualify for the "actual

innocence" exception to the limitation because Bey challenges the lawfulness, or "legal sufficiency," of his arrest and not his factual innocence of a crime. "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Bey's claim is not based on new evidence and, as a consequence, he was not precluded from timely raising his claim of an unlawful arrest within the one-year limitation. Bey fails to meet his burden of proving entitlement to a review of his time-barred application under the "actual innocence" exception to the limitation.

**Invalid State Judgment**:

Bey's second argument is that the state judgment is void, an argument that permits him to proceed under Section 2241 because Section 2254 requires imprisonment under a valid state judgment. Bey contends that, because his arrest was unlawful (as claimed in his first argument), the state court never acquired jurisdiction and, as a consequence, the state judgment is void.

Bey erroneously cites *Harrison v. Gillespie*, 550 F.3d 823 (9th Cir. 2010), for the proposition that Section 2254 is inapplicable and that relief is proper under Section 2241 if no **valid** judgment of conviction is in place. However, the opinion that Bey cites was withdrawn and replaced by *Harrison v. Gillespie*, 596 F.3d 551 (9th Cir. 2010), which was superceded by *Harrison v. Gillispie*, 636 F.3d 472 (9th Cir. 2011) (*en banc*), which was amended and superceded on denial of rehearing by *Harrison v. Gillispie*, 640 F.3d 888 (9th Cir. 2011) (*en banc*), *cert. denied*, 132 S. Ct. 2710 (2012).

*Harrison* concerns whether the constitutional prohibition of double jeopardy is violated if a second penalty-phase jury considers imposing a sentence of death when the first penalty-phase jury rejected a death sentence but failed to agree on a lesser sentence. *Harrison* stands for the unremarkable proposition that Section 2241, and not Section 2254, applies when confinement is not under a state court judgment.

Bey admits that he is imprisoned under a state court judgment, although he contends that the judgment is invalid. Section 2254 controls when imprisonment is under a state court judgment. "[I]f a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Medberry*, 351 F.3d at 1062. Bey's challenge to the validity of the state court judgment must proceed under Section 2254.

Accordingly, the motion for reconsideration, as supplemented (Docs. 14 and 15), is construed as a motion to alter or amend a judgment under Rule 59(e) and is **DENIED**.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bey must obtain a certificate of appealability ("COA") to appeal the denial of a motion under Rule 59, Federal Rules of Civil Procedure. *See Perez v. Sec'y, Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013) ("Because the denial of a Rule 59(e) motion constitutes a 'final order' . . . a COA is required before [an] appeal may proceed.").

    Bey is not entitled to a COA. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Bey must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Bey cannot proceed under Section 2241 and an application under Section 2254 is clearly time-barred, Bey is entitled to neither a COA nor leave to appeal *in forma pauperis*.

    Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Bey must obtain permission from the circuit court to appeal *in forma pauperis*.

    ORDERED in Tampa, Florida, on September 6, 2016.

                                              *[signature]*
                                         STEVEN D. MERRYDAY
                                 UNITED STATES DISTRICT JUDGE